```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Brandon M. Mossbarger,

    Plaintiff,

    v.                              Case No. 2:14-cv-1257

Commissioner of
Social Security,

    Defendant.

<u>ORDER</u>

Plaintiff Brandon M. Mossbarger brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income. The record indicates that plaintiff sustained a crushing injury to his left foot while employed in a packing plant, and has since experienced problems with lack of mobility, chronic pain, and severe depression. In his decision of March 15, 2013, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of major depression, anxiety disorder, personality disorder, disorders of the left foot, and chronic pain disorder. PAGEID 72. After consideration of the record, the ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, with the qualifications that the claimant should never climb ladders, ropes, or scaffolds; can only occasionally climb ramps or stairs; is limited to frequent stooping, kneeling, crouching, and crawling; is limited to occasional pushing or pulling activity involving use of the left leg; should avoid all exposure to the use of hazardous machinery, operational control of moving machinery, and unprotected

heights; and is limited to the performance of simple, routine, and repetitive tasks, in a work environment where changes occur on no more than an occasional basis, and where there is no greater than occasional interaction with coworkers and the general public. PAGEID 74.  After considering the testimony of vocational expert Robert Brodzinsky, the ALJ found that there were jobs in the community which plaintiff could perform, and concluded that plaintiff is not disabled.  PAGEID 83-84.

This matter is before the court for consideration of defendant's September 4, 2015, objections to the August 14, 2015, report and recommendation of the magistrate judge, recommending that the case be remanded to the Commissioner for further administrative proceedings.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Defendant's Objections

A. Failure to Discuss Dr. Richetta's Opinion

Defendant first objects to the finding of the magistrate judge that the ALJ's failure to discuss the opinion of Raymond D. Richetta, Ph.D., a psychologist, constituted error warranting remand. The record includes a letter from Dr. Richetta dated August 15, 2011, expressing his disagreement with certain aspects of the May 23, 2011, psychological evaluation of plaintiff conducted by James R. Hawkins, M.D., who determined that plaintiff was not disabled due to his depression. PAGEID 353-354. The record also includes a psychological evaluation of plaintiff completed by Dr. Richetta on May 12, 2011. PAGEID 579-584. Dr. Richetta diagnosed plaintiff as having major depressive disorder, and noted that his symptoms included: depressed mood most of the day, nearly every day; psychomotor agitation or retardation nearly every day; fatigue or loss of energy nearly every day; and diminished ability to think or concentrate, or indecisiveness, nearly every day. PAGEID 584. Dr. Richetta found that these symptoms caused clinically significant distress or impairment in social, occupational, or other important areas of functioning, and

3

that plaintiff's disorder, which included symptoms of sadness with tearful episodes, suicidal ideation, anger, irritable mood, reduced concentration, indecisiveness, reduced energy, and insomnia, "preclude his returning to work as a laborer at this time." PAGEID 584. The ALJ made no mention of these records in his decision.

The requirement under 20 C.F.R. §404.1527(d)(2) that the ALJ provide "good reasons" for the weight being accorded the opinion of a treating medical source does not apply to nontreating sources such as Dr. Richetta. *See Ealy*, 594 F.3d at 514. An ALJ need not discuss every piece of evidence in the record for his decision to stand. *Thacker v. Comm'r of Soc. Sec.*, 99 F.App'x 661, 665 (6th Cir. 2004). However, under SSR 06-3p, 2006 WL 2329939 (Soc. Sec. Admin. Aug. 9, 2006), the ALJ must "consider all relevant evidence in the case record" when making a disability determination. SSR 06-3p, 2006 WL 2329939 at *4; *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013). Unless a treating source's opinion is given controlling weight (which did not occur in this case), the ALJ is required specify how much weight he accorded the opinions of the various treating and non-treating sources and why. *Karger v. Comm'r of Soc. Sec.*, 414 F.App'x 739, 753-54 (6th Cir. 2011). In addition, "when an ALJ completely ignores the evidence from non-treating sources that is inconsistent with the ALJ's residual functional capacity assessment, a remand may be required." *Nolan v. Comm'r of Soc. Sec.*, No. 2:12-CV-477, 2013 WL 4831029 at *4 (S.D.Ohio Sept. 10, 2013).

Defendant argued below that Dr. Richetta's report basically expressed two opinions which allegedly were not inconsistent with the RFC: (1) that plaintiff is clinically depressed; and (2) that

plaintiff could not return to work "as a laborer."  The magistrate judge noted that one interpretation of the latter phrase might be that plaintiff could not perform the mental requirements of unskilled work, which was contrary to the RFC formulated by the ALJ.  Doc. 25, p. 10.  The magistrate judge further commented that it was impossible to say whether the symptoms recited in Dr. Richetta's report were taken into account by the ALJ in formulating the RFC finding because he never discussed Dr. Richetta's report.  Doc. 25, pp. 10-11.  The magistrate judge also observed that the ALJ stated that he gave little weight to the opinion of Frank Orosz, Ph.D., a state agency evaluator, because of the lack of other medical opinion statements to support it.  The magistrate judge then noted that the opinion of Dr. Richetta was similar to the views expressed by Dr. Orosz, and that it was not clear how the ALJ would have viewed Dr. Orosz's opinion had he compared it to Dr. Richetta's opinion.  Doc. 25. p. 11.  By way of further example, the court notes that the ALJ assigned significant weight to the opinion of Dr. Hawkins that plaintiff could perform simple tasks. *See* PAGEID 79.  However, the ALJ did not discuss Dr. Richetta's criticism of Dr. Hawkins' evaluation. *See* PAGEID 353-354.  The ALJ also failed to consider how Dr. Richetta's opinion may have supported or undermined the opinion of Timothy Manuel, M.D., plaintiff's treating physician.

It is not the responsibility of this court or the magistrate judge in the first instance to explain the weight given to the various medical opinions in the record or to interpret ambiguities in those opinions.  That obligation rests with the ALJ.  *See Gayheart*, 710 F.3d at 378-79 (holding that where ALJ discounted

5

opinions of treating physician due to alleged lack of consistency with the record as a whole and failed to mention treatment notes provided by a therapist which lent significant support to those opinions, "some explanation should have been given for ignoring this large portion of the record"); *Karger*, 414 F.App'x at 753-54 (ALJ's failure to discuss the opinions of two non-treating sources and whether they supported or undermined the treating sources' opinions was error); 20 C.F.R. §416.927(e)(2)(ii).  It is impossible for this court to determine on the current record whether the ALJ considered Dr. Richetta's opinion in arriving at plaintiff's RFC.  "The harmless-error doctrine cannot be stretched far enough to excuse the ALJ's failure to meaningfully indicate, even indirectly, how much weight he accorded" the treating source "vis-a-vis the numerous non-treating sources, and *why*." *Karger*, 414 F.App'x at 754 (emphasis in original).  The court agrees with the conclusion of the magistrate judge that the ALJ's failure to mention Dr. Richetta's opinion warrants a remand of this case.

B. Rejection of Dr. Manuel's Opinion

Defendant also objects to the finding of the magistrate judge that the ALJ did not adequately explain his reasons for assigning little weight to the opinion of plaintiff's treating physician, Dr. Manuel.  Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); SSR 96-2p, 1996 WL 374188 at *2-3 (Soc. Sec. Admin. July 2, 1996).  The Commissioner is required to provide "good reasons" for discounting

6

the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. If the opinion of the treating doctor does not meet the "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." SSR 96-2p, 1996 WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart*, 710 F.3d at 376.

  The ALJ assigned little weight to Dr. Manuel's August 6, 2012, assessment of plaintiff's residual functional capacity because: (1) Dr. Manuel's conclusions about plaintiff's ability to walk or stand differed from plaintiff's reports regarding these abilities provided in February and March of 2011; (2) Dr. Manuel's conclusion that plaintiff could only sit for four hours in a work day was not supported by the record; (3) Dr. Manuel's statement that plaintiff could never lift less than ten pounds was ambiguous and unsupported by the treatment records; and (4) the evaluation was a checkbox form which provided no explanation for Dr. Manuel's conclusions. PAGEID 81-82. Although the ALJ acknowledged that Dr. Manuel's treatment notes stated several times that plaintiff should be off

work until later evaluation, the ALJ observed that few notes indicated specific functional testing or that plaintiff had the limitations noted on the opinion form. PAGEID 81-82. In reviewing the ALJ's decision, the magistrate judge noted that: plaintiff's allegedly conflicting statements concerning his ability to walk or stand were made eighteen months prior to the date of Dr. Manual's report; the ALJ's rejection of Dr. Manuel's opinion concerning sitting restrictions, even if valid, did not warrant rejecting his entire opinion, which contained other limitations inconsistent with gainful employment which were not discussed by the ALJ; any ambiguity regarding plaintiff's inability to lift and carry less than ten pounds was not material given that the ALJ restricted him to sedentary work; and the checkbox format of the opinion was not a persuasive reason for rejecting the only opinion from a long-time treating physician where the record also contained a vast quantity of Dr. Manuel's treatment notes. Doc. 25, PP. 13-14.

  The court agrees with the conclusion of the magistrate judge that the reasons provided by the ALJ for assigning little weight to the opinion of Dr. Manuel do not constitute a sufficient discussion of Dr. Manuel's opinion to satisfy the regulatory requirements. The ALJ gave no indication that he considered factors such as the length, frequency, nature, and extent of plaintiff's treatment relationship with Dr. Manuel, Dr. Manuel's area of specialty, and the degree to which the opinion was consistent with the record *as a whole* or was supported or not supported by any relevant evidence. While many courts have cast doubt on the usefulness of check-box forms, *see Smith v. Comm'r of Soc. Sec.*, No. 13-12759, 2015 WL 899207 at \*\*14-15 (E.D.Mich. March 3, 2015)(citing cases), the

8

court agrees with the magistrate judge that further explanation for rejecting Dr. Manuel's opinion was warranted in this case.  The form was completed by Dr. Manuel, a long-term treating physician, his opinion concerned matters within the scope of the treatment he provided to plaintiff, and the record included his treatment records.  Although the ALJ may have been justified in giving little weight to Dr. Manuel's opinion, he did not sufficiently explain his reasons for doing so.  The magistrate judge correctly found that remand is necessary to permit the ALJ to further consider Dr. Manuel's opinion and to provide additional explanation for assigning a particular weight to that opinion.

III. Conclusion

For the reasons stated above, the court agrees with the analysis of the magistrate judge, and concludes that a remand for further administrative proceedings is necessary for the ALJ to consider the opinions of Drs. Richetta and Manuel.  The court makes no ruling on the ultimate issue of disability.  The court overrules the plaintiff's objections (Doc. 28), and adopts and affirms the magistrate judge's report and recommendation (Doc. 25).  The decision of the Commissioner is reversed, and this action is remanded to the Commissioner for further proceedings pursuant to 42 U.S.C. §405(g), sentence four.


Date: September 22, 2015         _____s/James L. Graham_____
                                 James L. Graham
                                 United States District Judge